**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

FEB 15 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| HELEN MARY SMETHURST, | No. 06-75211 |
| Petitioner, | Agency No. A076-380-159 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2011[**]
Pasadena, California

Before: D.W. NELSON, REINHARDT, and N.R. SMITH, Circuit Judges.

Helen Mary Smethurst, a native and citizen of the United Kingdom, petitions

for review of an order by the Board of Immigration Appeals (BIA) dismissing her

appeal from an immigration judge's (IJ) decision denying her application for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

adjustment of status. The BIA found that the Department of Homeland Security (DHS) had the authority to revoke Smethurst's approved Form I-140 visa petition, thereby depriving the IJ of jurisdiction to consider her application for adjustment of status. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

1.    As an initial matter, we disregard the factual statements and arguments submitted by Smethurst that are not relevant to this appeal. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based[.]").

2.    DHS revoked Smethurst's underlying visa petition (Form I-140) pursuant to 8 U.S.C. § 1155. Smethurst's employers appealed DHS's revocation to the Administrative Appeal Office (AAO). After the AAO's decision, Smethurst lacked an approved visa petition. Therefore, she was no longer eligible to adjust her status, because she had not met the requirements under 8 U.S.C. § 1255(a) — specifically she no longer had an immigrant visa "immediately available to her."

While IJs have jurisdiction to determine whether there has been an equivalent employment change under 8 U.S.C. § 1154(j), INA § 204(j), *see Matter of Al Wazzan*, 25 I. & N. Dec. 359, 362 (BIA 2010), they do not have jurisdiction to reinstate a properly revoked visa petition under 8 U.S.C. § 1155, *see Herrera v. U.S. Citizenship and Immigration Servs.*, 571 F.3d 881, 888 (9th Cir. 2009) (noting

that Congress did not intend § 204(j) to constrain the agency's revocation authority).

3.       There is no evidence in this record that Smethurst's due process rights were violated, because (a) the IJ held a full and fair hearing regarding Smethurst's application for adjustment of status and (b) there is no evidence of governmental delay that prevented Smethurst from receiving a fair hearing.

To the extent that Smethurst is alleging a lack of process before the AAO or a lack of process based upon the denials of adjustment by the INS and DHS, we lack jurisdiction to consider the allegations.  *See* 8 U.S.C. § 1252(b)(4)(A).

**PETITION DENIED.**